**Dale R. MITCHELL, Plaintiff–Appellant,**

v.

**Spencer FOX; et al., Defendants–Appellees.**

No. 14–35099.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 5, 2014.

Dale R. Mitchell, Connell, WA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian James Considine, Esquire, Assistant Attorney General, Attorney General's Office, Olympia, WA, for Defendants–Appellees.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Dale R. Mitchell, a Washington state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials destroyed and confiscated his religious property in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir.2008), and we affirm.

The district court properly granted summary judgment because Mitchell failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened his ability to exercise his religion. *See Hernandez v. Comm'r*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989) (in order to establish a First Amendment free exercise violation, plaintiff must show that defendants substantially burdened the practice of his religion); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005) (under RLUIPA, prisoner has the initial burden to demonstrate a prima facie claim that prison policies constitute a substantial burden on the exercise

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of his religious beliefs); *see also Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997) (to be constitutionally significant, the burden placed on free exercise "must be more than an inconvenience"), *abrogated on other grounds as recognized in Shakur*, 514 F.3d at 884–85.

Mitchell's motion, filed June 27, 2014, is denied as unnecessary.

**AFFIRMED.**